## JACKSON v. BOWKER.

(Supreme Court, Special Term, Niagara County.   April 26, 1897.)

SHERIFFS AND CONSTABLES—DISQUALIFICATION— EXECUTION — LEVY AND SALE.

A levy and sale made by a constable by virtue of an execution issued on a judgment in his favor is void, although previous to the issuance of the execution he assigned the judgment to his son.

Action by John Jackson against Alden Bowker to recover possession of certain personal property.   Judgment for plaintiff.

This action having been reached on a regular call of the calendar, and a jury having been waived, and the following facts having been agreed upon by stipulation in open court, and the cause having been submitted thereon by both parties to the court for his decision, the following findings of fact are made:

"First. That heretofore, and on the 5th day of February, 1897, one Isabell Taylor, of the town of Wilson, was the owner and in possession of certain personal property described in the complaint in this action, and on said day executed and delivered to the plaintiff, John Jackson, a chattel mortgage upon said property.

"Second. Said mortgage was a valid mortgage, and given for a good and valuable consideration.   The mortgage so given was not filed in the town clerk's office until the 29th day of March, 1897, and more than six weeks after the making and delivery of the mortgage.   The possession did not change, but remained in the mortgagor.

"Third. There was default in the payment of the money secured by the mortgage, and notice of sale was duly given on the 7th day of April, 1897, and the sale pursuant to such notice was had of the property on the 16th day of April, 1897, and the plaintiff bid off the property at thirty dollars, and it was struck off to him.

"Fourth. On the 9th day of February, 1897, one William H. Carver recovered a judgment against Isabell Taylor before J. K. Johnson, justice of the peace in and for the town of Wilson.   The judgment was in all respects regular, and was a valid judgment.   Execution was issued on said judgment February 9, 1897, to said William H. Carver, as constable of the town of Wilson, for the purpose of collecting the same.

"Fifth. William H. Carver was the same person mentioned as plaintiff in the judgment and execution, and was the duly qualified and acting constable in and for said town of Wilson, and, as such constable, being the same person in whose favor the judgment was recovered and the execution issued, levied upon the property described in the complaint, made an inventory of the same, and advertised the same for sale on the 12th day of April, 1897.

"Sixth. Prior to the issuing and levy under the said execution, the said William H. Carver, by an instrument in writing, had assigned all his right, title, and interest in and to said judgment to his son James Carver, who thereupon became the owner and holder of said judgment.

"Seventh. Pursuant to such advertisement, the property was sold in the regular way, and bid in by the defendant in this case, who bid therefor the sum of one hundred and eighty dollars, and paid such price or such sum to the constable, William H. Carver, and he turned it over to his son, and the judgment was satisfied.

"Eighth. That the value of the property for the purpose of this action is the sum of fifty dollars and the damages for the detention of the same is six cents.

"Ninth. That before the commencement of this action the plaintiff duly demanded of defendant possession of said property, which was refused."

Ernest F. Kruse, for plaintiff.
E. C. Hart, for defendant.

McLENNAN, J. I find as conclusions of law: 1. That the execution issued upon the judgment recovered by William H. Carver against Isabell Taylor to William H. Carver as constable, and the levy and sale made by him thereunder, were null and void, and of no effect, and the defendant Alden Bowker acquired no right, title, or interest in the said chattels hereinafter described.

2. That the plaintiff acquired good and valid title in and to the said chattels under the said chattel mortgage and the sale had thereunder, and was entitled to the possession thereof at the time of the demand and refusal hereinbefore mentioned.

3. That the plaintiff is entitled to recover from the defendant the possession of the chattels described as follows:   *   *   *   The value of which is hereby fixed at $50, with 6 cents damages, and the costs of this action.